IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID M. BROWN, | : | |
|     Petitioner | : | |
| | : | No. 1:22-cv-0115 |
| v. | : | |
| | : | (Judge Rambo) |
| LAUREL HARRY, | : | |
|     Respondent | : | |

### MEMORANDUM

Petitioner David M. Brown initiated the above-captioned *pro se* action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Brown challenges his 2013 Pennsylvania convictions for felon in possession of a firearm, receiving stolen property, and drug possession. Because Brown's habeas claims are either procedurally barred or meritless (or both), the Court must deny his Section 2254 petition.

**I.   BACKGROUND**

In September 2011, Brown was arrested following a traffic stop and charged with being a person not to possess a firearm,[1] receiving stolen property,[2] and possession of a controlled substance.[3] *Commonwealth v. Brown*, No. 209 MDA 2014, 2015 WL 6114626, at *1 & n.1 (Pa. Super. Ct. July 30, 2015)

---

[1] 18 PA. CONS. STAT. § 6105.
[2] 18 PA. CONS. STAT. § 3925.
[3] 35 PA. STAT. AND CONS. STAT. § 780-113(a)(16).

(nonprecedential). The Commonwealth filed a criminal complaint against Brown on September 30, 2011, and a preliminary hearing was held on December 19, 2011. *See Commonwealth v. Brown*, No. 1824 MDA 2019, 2020 WL 2790447, at *4 (Pa. Super. Ct. May 29, 2020) (nonprecedential). Approximately two years later, on November 20, 2013, Brown underwent a bench trial, after which he was found guilty of all three charges. *Id.*, at *1, 5. Shortly thereafter, he was sentenced to 8 to 16 years' incarceration. *Id.*, at *1.

Brown appealed, raising a single issue for review: whether the trial court erred in denying his motion to suppress evidence recovered during the traffic stop. *Brown*, No. 209 MDA 2014, 2015 WL 6114626, at *1. The gravamen of Brown's argument was that the officer who initially detained him lacked jurisdiction to do so. *Id.* In a detailed and thorough opinion, the Superior Court of Pennsylvania rejected Brown's claim and affirmed the trial court's denial of his suppression motion. *Id.*, at *1, 5-9. The Supreme Court of Pennsylvania subsequently denied Brown's petition for allowance of appeal. *Commonwealth v. Brown*, No. 667 MAL 2017, 128 A.3d 218 (Pa. Dec. 7, 2015) (table).

Brown then filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 PA. CONS. STAT. § 9541 *et seq.*, in November 2016. *See Brown*, No. 1824 MDA 2019, 2020 WL 2790447, at *1. PCRA counsel was appointed and filed an amended petition in March 2017. *Id.* In his amended PCRA

petition, Brown argued that both trial and appellate counsel were constitutionally ineffective. *Id.* The trial court—now acting as the PCRA court—held a hearing on August 24, 2018, and ultimately denied Brown's petition in September 2019. *Id.*

On collateral appeal, Brown raised two issues: (1) whether trial and appellate counsel were constitutionally ineffective in litigating his speedy trial claim under Pennsylvania Rule of Criminal Procedure 600; and (2) whether his appointed PCRA counsel provided ineffective assistance in litigating his Rule 600 claim.[4] *Id.* The Superior Court rejected both claims. *See id.*, at *2-6. The panel denied Brown's ineffectiveness claim related to the conduct of trial and appellate counsel on the merits, *see id.*, but found that his second claim (regarding alleged ineffective assistance of PCRA counsel) could not be raised for the first time on appeal; rather, such a claim had to be presented through a serial PCRA petition, *see id.*, at *6.[5] The Supreme Court of Pennsylvania again denied Brown's petition for allowance of

---

[4] Brown also raised a third issue regarding the PCRA court permitting PCRA counsel to withdraw several days before the appeal deadline and failing to appoint substitute counsel. *See id.* (issue for appeal number one). However, the Superior Court declined to address this claim because it found Brown's appeal timely, which mooted his argument concerning the alleged untimely withdrawal of PCRA counsel. *See id.*, at *2 & n.2.

[5] In making this determination, the Superior Court relied on then-binding case law holding that "claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal." *See id.*, at *6 (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. Ct. 2014) (*en banc*), *overruled in part by Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021)). In October 2021, the Supreme Court of Pennsylvania held that, in some circumstances, a claim of ineffective assistance of PCRA counsel may be raised on collateral appeal, overruling longstanding precedent that required such a claim to be brought in a serial PCRA petition. *See Bradley*, 261 A.3d at 401-02, 405.

3

appeal. *Commonwealth v. Brown*, No. 448 MAL 2020, 266 A.3d 450 (Pa. Nov. 3, 2021) (table).

Brown filed his initial Section 2254 petition in this Court in January 2022. (*See generally* Doc. No. 1.) He then filed an amended petition two months later. (*See generally* Doc. No. 7.) Respondent moved to dismiss the amended petition as untimely, which motion this Court denied. (*See* Doc. No. 13.) Respondent then filed a response to the merits of Brown's amended Section 2254 petition. (*See* Doc. No. 14.) Brown did not file a reply or "traverse" and the time in which to do so has passed, so his amended habeas petition is ripe for disposition.

## II.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §§ 2241-2254, mandates that petitioners demonstrate that they have "exhausted the remedies available in the courts of the State" before seeking federal habeas relief. *Id.* § 2254(b)(1)(A). An exhausted claim is one that has been "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process," and which has been adjudicated on the merits. *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *see also Johnson v. Williams*, 568 U.S. 289, 302 (2013).

If a state prisoner has not fairly presented a claim to the state courts "but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play." *Carpenter*, 296 F.3d at 146 (citations omitted). Generally, if a prisoner has procedurally defaulted on a claim by failing to raise it in state-court proceedings, a federal habeas court will not review the merits of the claim, even one that implicates constitutional concerns. *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 747-48 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 84-85 (1977)).

A few limited exceptions to this rule exist. One exception is that "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Id.* at 10 (citing *Coleman*, 501 U.S. at 750). "Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (alterations in original) (citations and internal quotation marks omitted). To establish prejudice, a petitioner must show not merely that there were errors that created a possibility of prejudice, but that they "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Holland v. Horn*, 519 F.3d 107, 112 (3d Cir. 2008) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). If cause and prejudice are established,

5

the federal court reviews the claim *de novo* "because the state court did not consider the claim on the merits." *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 236 (3d Cir. 2017), *cert. denied sub nom. Gilmore v. Bey*, 138 S. Ct. 740 (2018) (mem.) (citation omitted).

Another rare exception that will excuse a procedural default is if the petitioner can show that "failure to consider the claim will result in a fundamental 'miscarriage of justice.'" *Carpenter*, 296 F.3d at 146 (quoting *Coleman*, 501 U.S. at 750). To satisfy the "fundamental miscarriage of justice" exception, a petitioner typically will have to show actual innocence. *Leyva v. Williams*, 504 F.3d 357, 366 (3d Cir. 2007) (citation omitted).

### III.   DISCUSSION

Brown raises four grounds for relief in his amended Section 2254 petition. (*See* Doc. No. 7 at 5-10.) However, as Respondent aptly notes, Brown's third and fourth claims are nearly identical Fourth Amendment challenges to the traffic stop that led to his arrest, so those claims will be analyzed together. The Court will take each of Brown's claims in turn.

#### A.   Ground One – Speedy Trial Claim

A continual refrain from Brown's state post-conviction proceedings is that his speedy trial rights under Pennsylvania law were violated. He has repeatedly maintained that he was not brought to trial within the time limits provided by

Pennsylvania Rule of Criminal Procedure 600,[6] and therefore his criminal case should have been dismissed with prejudice.

Brown, however, never properly asserted this claim in state court and therefore it is procedurally defaulted and unreviewable. *See Martinez*, 566 U.S. at 9. He argues that the reason the claim was not presented is that his appellate counsel "failed to raise or argue this issue on direct appeal."[7] *See id.* at 5. Thus, although Brown wants to directly assert a speedy trial violation (and it appears that he intends to implicate the federal right to a speedy trial found in the Sixth Amendment, (*see* Doc. No. 7 at 5); U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . .")), he cannot do so because he did not present this claim to the state courts.

He may, however, assert a claim of ineffective assistance of appellate counsel because he properly exhausted this claim "by invoking one complete round of the State's established appellate review process," through which the claim was decided on the merits. *Carpenter*, 296 F.3d at 146 (citation omitted). The Court, therefore,

---

[6] Rule 600 generally requires the Commonwealth to bring a defendant to trial within 365 days of the criminal complaint being filed. *See* PA. R. CRIM. P. 600(A)(2)(a).

[7] Brown also contends that this issue "was preserved in [his] Rule 1925(b) Statement of Matters Complained of on Appeal," (Doc. No. 7 at 5), but there is no evidence to substantiate this assertion. Respondent has produced Brown's Rule 1925(b) statement and it does not contain a Rule 600 or constitutional speedy trial claim. (*See* Doc. No. 14-1 at 149.) The trial court's Rule 1925(a) opinion, *see* PA. R. APP. P. 1925(a), does not identify or address a speedy trial claim either. (*See id.* at 113.)

will construe Brown's first ground for relief as a Sixth Amendment claim of ineffective assistance of appellate counsel for failing to raise a Rule 600 violation on appeal.

A collateral attack based on ineffective assistance of counsel is governed by the familiar two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on such a claim, a criminal defendant must demonstrate that (1) counsel's representation fell below an objective level of reasonableness based on prevailing professional norms, and (2) the deficient representation was prejudicial. *Id.* at 687-88. The defendant bears the burden of proving both prongs. *See id.* at 687.

In determining whether counsel has satisfied the objective standard of reasonableness under the first prong, courts must be highly deferential toward counsel's conduct. *Id.* at 689. There is a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *See United States v. Gray*, 878 F.2d 702, 710 (3d Cir. 1989). Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance." *Id.* at 711 (citing *Strickland*, 466 U.S. at 689-90). To satisfy the prejudice prong, the defendant must establish a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The district court need not

conduct its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing in one. *See id.* at 697; *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008).

When a claim of ineffective assistance of counsel has been exhausted in state court, review of that claim by a federal habeas court is significantly circumscribed. The federal court does not review the ineffectiveness claim *de novo*; rather, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011); *Collins v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528, 546-47 (3d Cir. 2014). Under this "doubly" deferential standard, "so long as fairminded jurists could disagree on the correctness of the state court's decision," a state court's determination that a *Strickland* claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101, 105 (citation omitted).

As noted above, Brown raised this ineffectiveness claim in his amended PCRA petition, (*see* Doc. No. 14-1 at 209), and on collateral appeal, *see Brown*, No. 1824 MDA 2019, 2020 WL 2790447, at *1. The Superior Court performed a thorough time-computation analysis and determined that there had been no Rule 600 violation in Brown's case. *See id.*, at *2-6. Specifically, the panel found as follows:

> Upon review of the preceding procedural history, we conclude that [Brown]'s Rule 600 claim lacks merit. The Commonwealth filed a criminal complaint against [Brown] on September 30, 2011. As such, the mechanical run date was September 30, 2012. A total of 477 days

9

of delay, however, are attributable to [Brown] and the judiciary and, as such, are excludable. Specifically, [Brown] caused the following periods of delay: February 21, 2012 to October 5, 2012 ([Brown]'s omnibus pre-trial motion); and November 30, 2012 to May 14, 2013 ([Brown]'s motion to reconsider the omnibus pre-trial motion and motion to continue trial). Moreover, the following period is attributable to judicial delay: August 5, 2013 to October 29, 2013 (order scheduling trial, trial judge's mandatory military leave). Adding the excludable time to the mechanical run date, we calculate the adjusted run date to be January 20, 2014. In addition, we calculate a total of 69 days of excusable delay. Indeed, because the magistrate district judge unilaterally continued [Brown]'s preliminary hearing, the period of October 11, 2011 to December 19, 2011, is excusable. *See Commonwealth v. Bradford*, 46 A.3d 693, 704-705 (Pa. 2012). Accordingly, this calculation extends the final, adjusted run date to (at the earliest) March 31, 2014—nearly four months after [Brown]'s trial commenced.

*Id.*, at *5-6 (footnotes omitted). The panel consequently concluded that there was no ineffectiveness of trial or appellate counsel for failing to raise or preserve, respectively, a meritless Rule 600 challenge. *See id.*, at *6.

Brown does not explain how the Superior Court's determination on his Rule 600-based claim of ineffective assistance of counsel was unreasonable. He does not specify how the Superior Court's time calculations, including excludable and excusable time, were incorrect or inaccurate, nor does he set forth how he believes the calculations should have been performed. Brown has, quite simply, failed to carry his burden to establish ineffective assistance of counsel or to show how the state court's determination on this claim was an unreasonable application of *Strickland*.

This Court, moreover, cannot perform a *de novo* review of this *Strickland* claim, and nothing about the Superior Court's decision appears unreasonable. *See Williams v. Taylor*, 529 U.S. 362, 410, 412 (2000) (explaining that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law"). Nor has Brown established, by clear and convincing evidence, that any factual premise relied on by the Superior Court was incorrect. *See Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263, 281 (3d Cir. 2016) (*en banc*); 28 U.S.C. § 2254(d)(2), (e)(1).

The only support Brown provides for this claim is vague reliance on *Commonwealth v. Harth*, 252 A.3d 600 (Pa. 2021). (*See* Doc. No. 7 at 5.) Brown avers that his petition for allowance of appeal was held by the Pennsylvania Supreme Court pending a decision in *Harth*, but then was denied after *Harth* was decided. (*See id.*) In *Harth*, the Supreme Court of Pennsylvania held that "in ruling on a defendant's Rule 600 motion to dismiss, a trial court must first determine whether the Commonwealth has met its obligation to act with due diligence throughout the life of the case; if the Commonwealth meets its burden of proving due diligence, only then may the trial court rely upon its own congested calendar or other scheduling problems as justification for denying the defendant's motion." *Harth*, 252 A.3d at 618. The court then reviewed the record facts concerning Harth's Rule 600 timeline and determined that the Commonwealth had failed to exercise due

11

diligence and had violated Rule 600, thereby requiring reversal of Harth's judgment of sentence and dismissal of the case against him. *See id.* at 621-22.

Again, Brown's argument concerning *Harth* is unclear because he does not make one. He does not explain how the *Harth* decision applies to his case or why a 2021 decision by the Pennsylvania Supreme Court would imply that the *2020* Superior Court collateral-review decision in his case was incorrectly decided. Even assuming that the factual circumstances in *Harth* were identical to Brown's (which is extremely unlikely), that does not render the Superior Court's determination on this *Strickland* claim unreasonable, as the Superior Court was not bound by *Harth* at the time it decided Brown's collateral appeal. Nor can Brown rely on *Harth* to support his claim that appellate counsel was constitutionally deficient, as an attorney cannot be ineffective for failing to make an argument based on state law that had not yet been established.[8]

The Court thus concludes that Brown has failed to establish that the state court's determination on this *Strickland* claim was unreasonable. Consequently, Ground One warrants no relief.

---

[8] The Court further observes that if, as Brown claims, his petition for allowance of appeal was put on hold during the pendency of *Harth* but then denied following that decision, it follows that the Supreme Court of Pennsylvania must have determined that Brown's case was materially distinguishable from *Harth* and did not warrant further consideration, reversal, or remand.

### B.     Ground Two – Ineffective Assistance of PCRA Counsel

In Brown's second claim, he argues that his PCRA counsel was ineffective for failing to properly litigate his challenge to trial and appellate counsel's effectiveness and for "erroneously conced[ing]" that "various time not excludable" was excludable or excusable "under the court's Rule 600 analysis." (Doc. No. 7 at 6.) This claim is unreviewable for two reasons.

First, Brown did not exhaust this claim in state court. As noted above, the Superior Court—relying on then-binding precedent—summarily dismissed this claim and explained that it had to be a raised in a serial PCRA petition. Respondent asserts that Brown has indeed filed such a serial PCRA petition, and that this petition is still pending in state court. (*See* Doc. No. 14 at 18; Doc. No. 14-1 at 360-65.) Accordingly, this claim is unexhausted and unreviewable. *See* 28 U.S.C. § 2254(b)(1)(A).

A second and more fatal problem is that Brown's claim of ineffective assistance of post-conviction counsel is not cognizable on federal habeas review. It is well settled that there is no federal constitutional right to counsel in state post-conviction proceedings, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), and thus there is no Sixth Amendment right to effective assistance of state post-conviction counsel, *see Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citing

*Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982)).[9] So even if Brown were to properly exhaust this claim in state court and it was denied on the merits, he could not raise it in a Section 2254 petition. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." (citations omitted)).

### C. Grounds Three and Four – Fourth Amendment Claims

In Brown's final two grounds for relief, which are nearly identical, he challenges the constitutionality of the traffic stop that led to his arrest and prosecution. Brown contends that he was stopped by an officer who lacked jurisdiction and probable cause to effectuate the traffic stop, resulting in an "illegal search and seizure of [his] person and vehicle." (Doc. No. 7 at 8; *see also id.* at 9-10.)

The lawfulness of Brown's traffic stop and arrest was fully litigated in state court[10] and is unreviewable in federal habeas proceedings. It has long been settled

---

[9] The Court notes that—contrary to federal law—Pennsylvania provides for the right to counsel in initial post-conviction proceedings, *see* Pa. R. Crim. P. 904(C), and thus requires effective assistance of post-conviction counsel, *see Commonwealth v. Albrecht*, 720 A.2d 693, 699-700 (Pa. 1998).

[10] To the extent that Brown is attempting to raise an entirely new Fourth Amendment claim that he did not assert in state court regarding the absence of probable cause or reasonable suspicion to

14

that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976); *see also Wallace v. Kato*, 549 U.S. 384, 395 n.5 (2007). Brown has not established any reason why *Stone*'s holding would not apply to his case, nor can the Court conceive of one. Accordingly, because Brown was afforded an opportunity for full and fair litigation of this Fourth Amendment claim in state court, it does not—and cannot—warrant federal habeas relief.

## IV. CONCLUSION

Based on the foregoing, the Court must deny Brown's petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court will likewise deny a certificate of appealability, as Brown has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: April 12, 2023

---

perform a traffic stop, any such claim would be procedurally defaulted and unreviewable by this Court. *See Martinez*, 566 U.S. at 9.